IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DARRELL GENE HASKINS,                              CV 07-937-MA

        Petitioner,                              OPINION AND ORDER

  v.

CHARLES DANIELS,
Warden, FCI-Sheridan,

        Respondent.


    DARRELL GENE HASKINS
    Federal Register Number 67089-065
    Federal Correctional Institution
    PO Box 5000
    Sheridan, Oregon  97278-5000

        Petitioner, *Pro Se*

    KARIN J. IMMERGUT
    United States Attorney
    SCOTT ERIK ASPHAUG
    Assistant United States Attorney
    United States Attorney's Office
    District of Oregon
    1000 SW Third Avenue, Suite 600
    Portland, OR  97204-2902

        Attorneys for Respondent

MARSH, Judge:

    Petitioner, an inmate in the custody of the Federal Bureau of Prisons (BOP), currently housed at the Federal Correctional Institution (FCI) Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241.

    After pleading guilty to Armed Bank Robbery in violation of

1- OPINION AND ORDER

18 U.S.C. §§ 2113(a) and (d), on April 12, 2004, Petitioner was sentenced to 70 months imprisonment followed by five years of supervised release.  The sentencing court also imposed a special assessment fee of $100 and $1891 in restitution.  The sentencing order directs that Petitioner's restitution obligation is "payable immediately," and that if "there is any unpaid balance at the time of release from custody, it shall be paid at the maximum installment possible and not less than $50 per month."  The sentencing order does not set a restitution payment schedule for Petitioner's period of imprisonment.

In his *pro se* petition, Petitioner seeks an order requiring the BOP to cease collecting restitution payments from his Inmate Financial Responsibility Program (IFRP) account.  Petitioner also asks the Court to order the BOP to identify him as "IFRP exempt", to "vacate all sanctions threaten[d] and imposed" and to "restore [him] to the position he would have been [in] but for the BOP's wrongful actions. . ."

Neither Petitioner nor Respondent have provided the Court with any documentation to confirm or deny Petitioner's assertion that the BOP has been withdrawing $35 per month from his account, or that Petitioner refused to pay and has been sanctioned as a result.  However, based on Respondent's answer, dated August 3, 2007, the Court assumes the truth of Petitioner's assertions.

By his answer, dated September 4, 2007, Respondent concedes

2- OPINION AND ORDER

that Petitioner is entitled to the relief requested.  However, Respondent concedes that the writ should be granted, but argues that no relief should be ordered because the BOP will voluntarily "cease collection activity pursuant to the IFRP and will identify [Petitioner] as IFRP exempt."

On September 7, 2007, Petitioner filed a document the Court construes as a reply, which does not clearly indicate whether the BOP continues to collect restitution payments from his IFRP account, but does state that he has not been reimbursed for the restitution collected to date.

There is not any evidence in the record to support the conclusion that Petitioner has been placed in "IFRP Refuse Status" or that any sanctions have been imposed upon him as a consequence of refusing to make restitution payments pursuant to the IFRP.  By all accounts, petitioner begrudgingly agreed to the restitution payment schedule in order to avoid sanctions.  In any event, to the extent Petitioner has been paying down his restitution sentence, he is now in a better, not worse, position than he would have been in if not for the BOP's collection activity because he has reduced his restitution debt.

Nevertheless, Petitioner has made a sufficient showing that the BOP's modification of the district court's restitution payment schedule was not in accordance with the law.  *See U .S. v. Gunning*, 401 F.3d 1145 (9th Cir. 2005); *see also* 5 U.S.C. §

3- OPINION AND ORDER

706(2)(a)(agency actions will be upheld unless they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."). Accordingly, I hereby GRANT the Petition for a Writ of Habeas Corpus, and ORDER the BOP to cease collecting restitution payments from Petitioner, and to identify petitioner as "IFRP exempt."

    IT IS SO ORDERED.

    DATED this _26 day of November, 2007.

                                          /s/   Malcolm F. Marsh
                                       Malcolm F. Marsh
                                       United States District Judge